UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREENCARE FERTILIZER, INC., an Illinois corporation and LAWRENCE METCOFF, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> QUALITY ANALYTICAL LABORATORIES, LLC a Florida limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiffs, GREENCARE FERTILIZER, INC. and LAWRENCE METCOFF, by their attorneys, Beverly A. Berneman, Laura A. Balson and Neil P. Johnson, as the Complaint for Declaratory Judgment and Other Relief against Defendant, QUALITY ANALYTICAL LABORATORIES, LLC ("QAL"), state as follows:

### NATURE OF CASE

1. In two recent demand letters, QAL has accused Greencare and Metcoff of committing trademark infringement, tortious interference with relationships, misrepresentation and unfair competition. The demand letters failed to identify a single act committed by Greencare or Metcoff that would support the accusations. QAL has threatened to bring suit against Greencare and Metcoff unless they agree to cease the non-existent activities and pay QAL $3,000,000.00. Greencare and Metcoff bring this suit seeking a declaratory judgment that there has been no infringement and, therefore, that they are not liable to QAL.

## PARTIES

2. Greencare Fertilizer, Inc. is an Illinois corporation formed on November 3, 1997. Greencare creates and markets fertilizer formulations.

3. Lawrence Metcoff is the President of Greencare. Metcoff is also affiliated with a company organized under the laws of the Peoples Republic of China which is known variously such as RX Greencare, Wuhan Kyle Agricultural Science and Technology Co., Ltd., and Wuhan LvBoLai Agriculture Development Co. Ltd. ("Wuhan").

4. Quality Analytical Laboratories, LLC is, on information and belief, a Florida limited liability company. It provides laboratory analysis for various industries, including the fertilizer industry.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action under 28 U.S.C. §1338, 28 U.S.C. §1121 and under 28 U.S.C. § 1332(a) which provides for exclusive jurisdiction over trademark actions and other related federal unfair competition actions. This Court also has supplemental jurisdiction over the common law tort actions identified below because the parties are completely diverse and the amount in controversy exceeds $75,000.00.

6. Venue is proper in this judicial district because QAL performs services and provides goods to customers in the Northern District of Illinois.

## FACTS COMMON TO ALL COUNTS

### I. *Relevant Relationships*

7. Greencare and Wuhan are separate corporate entities.

8. Greencare does not sell products or services in China. Greencare's products and services are marketed and sold in China through authorized third-party distributors.

9. In approximately November 2005, Wuhan, Greencare and QAL explored a potential association to build and operate a fertilizer laboratory in China.

10. Eventually, the parties decided not to proceed with the potential association.

11. At all times relevant hereto Greencare ordered goods and services from QAL which QAL provided to Greencare in Illinois.

12. Until July 2017, Greencare and QAL had a good working relationship.

## II.   *QAL's Alleged Trademarks*

13. QAL claims to own certain trademarks ("Marks").

14. Among the Marks claimed by QAL are the following trademarks which were registered by the United States Patent and Trademark Office (the "USPTO"):

| Mark | Registration # | Date of First Use | Date of Registration | Class: Goods and Services |
|---|---|---|---|---|
| LABNET | 5133333 | 5/1/2003 | January 31, 2017 | 042: Laboratory research in the field of horticulture, agriculture, and environment consisting of assays of organic and inorganic samples. |
| QAL | 5133222 | 2/1/2000 | January 31, 2017 | 042: Laboratory research in the field of horticulture, agriculture, and environment consisting of assays of organic and inorganic samples. |

15. However, the Marks are owned by The Duemmel Revocable Trust, a Florida Trust, and not by QAL.

16. QAL also claims to have rights in the Marks contained in the following trademark applications filed with the USPTO:

| Mark | Serial No. | Date of First Use | Date of Application | Class: Goods and Services |
|---|---|---|---|---|
| QAL | 87617480 | 2/1/2000 | September 21, 2017 | 042: Scientific research in the field of horticulture, agriculture, and environment consisting of assays of organic and inorganic samples. |

3

| Mark | Serial No. | Date of First Use | Date of Application | Class: Goods and Services |
|---|---|---|---|---|
| Agrotech | 87087708 | 4/25/1999 | June 29, 2016 | 042: Scientific laboratory services in the field of horticulture, agriculture, and the environment featuring assays of organic and inorganic samples |
| Quality Analytical Laboratories | 87106887 | 2/1/2000 | July 18, 2016 | 042: Scientific research in the field of horticulture, agriculture, and environment consisting of assays of organic and inorganic samples. |

17. However, The Duemmel Revocable Trust a Florida Trust, and not QAL, is the applicant for these marks.

18. Further, on July 14, 2017, the United States Patent and Trademark Office issued a final office action refusing registration of the Quality Analytical Laboratories application because the mark is merely descriptive.

### III. Demands by QAL

19. On or about July 19, 2017, QAL's counsel served a cease and desist letter on Greencare and Metcoff, a copy of which is attached hereto as Exhibit 1 ("First Demand Letter").

20. In the letter, QAL accuses Greencare and Metcoff of trademark infringement. As proof of the trademark infringement, QAL attached various pictures and articles (See Exhibits B, C, and D to the First Demand Letter.)

21. On or about July 24, 2017, Greencare and Metcoff's counsel responded to the First Demand Letter denying that QAL has stated a case for trademark infringement or any other wrongdoing by Greencare or Metcoff. A copy of the letter is attached hereto as Exhibit 2 ("Response to First Demand"). The Response to the First Demand made it clear that QAL had no basis to proceed against Greencare and Metcoff.

22. On or about October 13, 2017, QAL's counsel served a letter on counsel for Greencare and Metcoff in which QAL's counsel continued to insist that Greencare and Metcalf committed trademark infringement and additional wrongful acts against QAL, including but not limited to tortious interference, intentional misrepresentation, and unfair competition. A copy of this letter is attached hereto as Exhibit 3 ("Second Demand Letter").

23. The Second Demand Letter contained even less factual support for QAL's claims than the First Demand Letter.

24. In fact, Exhibit B to the Second Demand Letter contained a letter of intent related to Wuhan, Greencare and QAL entering into a cooperation agreement to build a QAL laboratory facility in China.

25. In the Second Demand Letter, QAL threatened to file suit unless Greencare stopped the alleged infringing activities and paid QAL $3,000,000.00.

26. On October 27, 2017, counsel for Greencare responded to the Second Demand Letter advising QAL's counsel that he still has not established any basis for the wrongdoing alleged by QAL ("Response to Second Demand"). A copy of the Response to the Second Demand is attached hereto as Exhibit 4.

### COUNT I
### Declaratory Judgment
*Alleged Trademark Infringement*

27. Greencare and Metcoff reallege and incorporate paragraphs 1 through 26 as though fully stated herein.

28. QAL lacks standing to enforce the Marks because it is not the owner of the Marks.

29. If QAL were able to establish it as the licensee of the Marks, it does not have standing to bring an action to enforce the owner's rights in the Marks.

5

30. If QAL were able to establish the right to enforce the Marks, QAL has not stated a claim for trademark infringement by either Greencare or Metcoff for one or more the following reasons:

   a. Exhibits B, C, and D of the First Demand Letter and Exhibits A and B of the Second Demand Letter do not constitute trademark use;

   b. The alleged uses of the Marks in Exhibits B, C, and D of the First Demand Letter and Exhibits A and B of the Second Demand Letter do not show that Greencare is using the QAL Trademarks as a source or product identifier of Greencare's goods and services; and

   c. Even if QAL could establish that Greencare used the Marks in China, QAL cannot establish that Greencare created a likelihood of confusion.

31. Even if QAL could cure the defects of its allegations in the First Demand Letter and the Second Demand Letter, Greencare and Metcoff deny that they are using any of the Marks or that they have created a likelihood of confusion among QAL's customers.

32. There is an actual case in controversy between the parties concerning allegations of trademark infringement pursuant to 28 U.S.C. § 2201.

WHEREFORE, Plaintiffs, GREENCARE FERTILIZER, INC. and LAWRENCE METCOFF, pray that this Honorable Court:

A. Enter a Declaratory Judgment in favor of Greencare and Metcoff and against QAL finding that Greencare and Metcoff have not committed trademark infringement of trademarks owned by QAL; and

B. Award such other and further relief as this Court deems just.

## COUNT II
## Declaratory Judgment
### *Unfair Competition*

33. Greencare and Metcoff reallege and incorporate paragraphs 1 through 32 as though fully stated herein.

34. Upon information and belief, QAL does not have standing to bring an action to enforce an owner's rights in its trademarks.

35. If QAL were able to establish the right to enforce an action for unfair competition, QAL has not stated a claim for unfair competition by either Greencare or Metcoff for one or more the following reasons:

   a. Exhibits B, C, and D of the First Demand Letter and Exhibits A and B of the Second Demand Letter do not constitute unfair competition through use of a registered trademark or;

   b. The alleged uses of QAL Trademarks in Exhibits B, C, and D of the First Demand Letter and Exhibits A and B of the Second Demand Letter do not show that Greencare is using the QAL Trademarks as a source or product identifier of Greencare's goods and services; and

   c. Even if QAL could establish that Greencare used the QAL Trademarks in China, QAL cannot establish that Greencare created a likelihood of confusion.

36. Even if QAL could cure the defects of its allegations in the First Demand Letter and the Second Demand Letter, Greencare and Metcoff deny that they acted in any fashion that would constitute unfair competition such as use of any of the Marks or creating a likelihood of confusion among QAL's customers.

37. There is an actual case in controversy between the parties concerning allegations of trademark infringement pursuant to 28 U.S.C. § 2201.

WHEREFORE, Plaintiffs, GREENCARE FERTILIZER, INC. and LAWRENCE METCOFF, pray that this Honorable Court:

A. Enter a Declaratory Judgment in favor of Greencare and Metcoff and against QAL finding that Greencare and Metcoff have not engaged in unfair competition against QAL; and

B. Award such other and further relief as this Court deems just.

## COUNT III
### Declaratory Judgment
*Tortious Interference with Contractual Relationships*

38. Greencare and Metcoff reallege and incorporate paragraphs 1 through 37 as though fully stated herein.

39. QAL has not stated a claim for tortious interference with contractual relationships by either Greencare or Metcoff for one or more the following reasons:

   a. QAL does not demonstrate a single contractual relationship between itself and a third party;

   b. If QAL were able to establish the existence of a valid contract between itself and a third party, QAL has not established any knowledge by Greencare and Metcoff of QAL's contracts with third parties;

   c. Exhibits B, C, and D of the First Demand Letter and Exhibits A and B of the Second Demand Letter do not demonstrate an unjustified and intentional inducement by Greencare and Metcoff to breach contracts between QAL and a third party;

   d. QAL has not alleged any breach of the purported contracts with third parties; and

   e. Even if QAL could establish that Greencare and Metcoff induced a breach of a contract by a third party, QAL cannot establish that it suffered any damages from the breaches.

40. Even if QAL could cure the defects of its allegations in the First Demand Letter and the Second Demand Letter, Greencare and Metcoff deny that they were aware of any contractual relationships between QAL and any third party or that they unjustifiably and intentionally induced breaches of contracts between QAL and a third party.

41. There is an actual case in controversy between the parties concerning allegations of trademark infringement pursuant to 28 U.S.C. § 2201.

WHEREFORE, Plaintiffs, GREENCARE FERTILIZER, INC. and LAWRENCE METCOFF, pray that this Honorable Court:

A. Enter a Declaratory Judgment in favor of Greencare and Metcoff and against QAL finding that Greencare and Metcoff have not interfered with contractual relationships of QAL; and

B. Award such other and further relief as this Court deems just.

## COUNT IV
### Declaratory Judgment
*Misrepresentation*

42. Greencare and Metcoff reallege and incorporate paragraphs 1 through 41 as though fully stated herein.

43. QAL has not stated a claim for misrepresentation by either Greencare or Metcoff for one or more the following reasons:

   a. QAL does not demonstrate a single representation made by Greencare or Metcoff;

   b. If QAL were able to identify a representation of material fact made by Greencare or Metcoff, QAL has not demonstrated such a representation as false;

   c. Exhibits B, C, and D of the First Demand Letter and Exhibits A and B of the Second Demand Letter do not contain misrepresentations of material fact made by Greencare or Metcoff; and

   d. Even if QAL could establish that Greencare or Metcoff made misrepresentations of material fact, QAL cannot establish Greencare's or Metcoff's knowledge of the falsity of the statement.

44. Even if QAL could cure the defects of its allegations in the First Demand Letter and the Second Demand Letter, Greencare and Metcoff deny that they made misrepresentations of material fact or, alternatively that they knew the representations were false.

45. There is an actual case in controversy between the parties concerning allegations of trademark infringement pursuant to 28 U.S.C. § 2201.

WHEREFORE, Plaintiffs, GREENCARE FERTILIZER, INC. and LAWRENCE METCOFF, pray that this Honorable Court:

A. Enter a Declaratory Judgment in favor of Greencare and Metcoff and against QAL finding that Greencare and Metcoff have not misrepresented any facts related to QAL; and

B. Award such other and further relief as this Court deems just.

Dated: October 30, 2017

GREENCARE FERTILIZERS, INC. and
LAWRENCE METCOFF,

By:   /s/ Beverly A. Berneman
       One of their Attorneys

Beverly A. Berneman (ARDC# 6189418)
Laura A. Balson (ARDC#6291377)
Neil P. Johnson (ARDC#6324125)
GOLAN CHRISTIE TAGLIA LLP
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312) 263-2300